# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**TERRY MCCOY**                                                         **PLAINTIFF**

v.                      No: 4:19-cv-00904-JM-PSH

**GORMAN,** *et al.*                                        **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to Chief United States District Judge James M. Moody Jr. You may file written objections to all or part of this Recommendation.  If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Terry McCoy filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on December 16, 2019, while incarcerated at the Dub Brassell Detention Center in Jefferson County (Doc. No. 2).  For the reasons stated herein, McCoy's claims should be dismissed for failure to state a claim upon which relief may be granted.

## I.  Screening Standard

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A.  Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  . . .  Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.  *Twombly* at 570.  However, a *pro se* plaintiff's allegations must be construed liberally.  *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II.  Analysis

Mr. McCoy's complaint fails to state a claim for two reasons. First, the complaint does not properly state a claim against the defendants in their official

capacities. Second, the complaint fails to allege the violation of a constitutional right.

### A. Mr. McCoy Fails to State a Claim Against Defendants in Their Official Capacities

McCoy sues defendants in their official capacities. *See* Doc. No. 2 at 2. Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veach v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Thus, a suit against the defendants in their official capacities is in essence a suit against the County or city itself. *See Murray v. Lene*, 595 F.3d 868 (8th Cir. 2010); *Liebe v. Norton*, 157 F.3d 574 (8th Cir. 1998). A municipality cannot be held liable on the basis of *respondeat superior*, or simply by virtue of being the employer of a tortfeasor. *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201 (8th Cir. 2013). Accordingly, the defendant county employees can only be held liable in their official capacities in this case if McCoy can establish that a constitutional violation was committed pursuant to "an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009).

McCoy complains that defendants Gorman and Adam have set commissary prices at "sky-high" rates. Doc. 2 at 4. McCoy does not assert that a custom or policy of Jefferson County was the moving force behind the claimed actions of the defendants. In fact, McCoy asserts in his complaint that the defendants were acting in contravention of county policy by setting prices higher than "locally established

retail prices." Doc. 2 at 4. Accordingly, his complaint fails to state a claim upon which relief may be granted and should be dismissed.

### B. Mr. McCoy Fails To Allege Violation Of A Constitutionally Protected Right

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983.

First, as noted above, McCoy claims that the defendants set commissary prices higher than Jefferson County policy permits. Doc. 2 at 4. However, prisoners do not have a federally protected due process right to require prison officials to comply with internal rules or procedures. *See Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003); *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997). Additionally, prisoners do not have a constitutional right to purchase items from the commissary at the standard retail rate, including postal stamps. *See Register v. Helder*, 2015 WL 6123071 at *2 (W.D. Ark. 2015) ("Even if Plaintiff is charged exorbitant amounts, no constitutional claim is stated."); *see also Maxwell v. Byrd*, 2010 WL 3515774 at *3 (E.D. Ark. 2010) ("Inmates have no constitutionally protected interest in purchasing stamps, food substances, or any other goods through a prison commissary at the cheapest price possible"); *McCall v. Keefe Supply Co.*, 71 F. App'x 779, 780 (10th Cir. 2003) ("there is simply no legal basis for a demand that

inmates be offered items for purchase at or near cost"). Accordingly, his complaint fails to state a claim upon which relief may be granted and should be dismissed.

### III. Conclusion

For the reasons stated herein, it is recommended that:

1. McCoy's complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation and accompanying judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 22nd day of January, 2020.

_____
UNITED STATES MAGISTRATE JUDGE